UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
THOMSON REUTERS (PROPERTY TAX SERVICES) :
INC.,                                                              :   Case No. 10-CV-990 (GBD)
                                                                   :
                                          Plaintiff,               :
                                                                   :
               - against -                                         :
                                                                   :
THOMAS ENTERPRISES, INC.,                                          :
                                                                   :
                                                                   :
                                          Defendant.               :
                                                                   :
------------------------------------------------------------------ x


# REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York  10169
(212) 818-9200

*Attorneys for Plaintiff Thomson Reuters
(Property Tax Services), Inc.*

810959_3

Plaintiff Thomson Reuters (Property Tax Services) Inc. ("Thomson Reuters"), through its attorneys, Satterlee Stephens Burke & Burke LLP, respectfully submits this reply memorandum of law in further support of its motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 of the United States District Court for the Southern District of New York for an Order awarding Thomson Reuters summary judgment against defendant Thomas Enterprises, Inc. ("Thomas Enterprises" or "Defendant").

## PRELIMINARY STATEMENT

Defendant's submission utterly fails to provide this Court with <u>any</u> evidence which would, even when viewed in a light most favorable to Defendant, give rise to a material issue of fact which would preclude summary judgment in Thomson Reuters' favor. Defendant admits that it entered into the Consulting Agreement at issue, that the agreement expressly requires Defendant (not any third party) to pay Thomson Reuters' invoices, that Defendant received the invoices, and that Thomson Reuters performed all of its obligations under the agreement. Simply put, the parties' binding contract requires Defendant to pay Thomson Reuters, and there has been an account stated against Defendant on which Thomson Reuters deserves judgment.

Yet, without citing any legal authority whatsoever to support its position, Defendant's sole "defense" is the *ipse dixit* of its senior vice president, Thomas Tropea, who baldly asserts that the agreement should be ignored because it was supposedly drafted "as a matter of convenience" (Tropea Aff. ¶ 6) – an assertion that cannot override the clear terms of the contract much less create a genuine issue of material fact sufficient to deny summary judgment. For these reasons and those stated herein, summary judgment should be granted in Thomson Reuters' favor.

810959_3

## ARGUMENT

Thomson Reuters has provided this Court with indisputable and unambiguous documentary evidence which supports its entitlement to summary judgment, including but not limited to: (i) the Consulting Agreement; (ii) the un-rebutted invoices and demand letters which were sent to Defendant and retained for months without objection, and most importantly; (iii) Defendant's own writing from Mr. Tropea in response to Thomson Reuters' demand for payment, in which Mr. Tropea unequivocally states "Sorry I had no idea we are this far behind – I am meeting with stan tomorrow and will work for a partial payment" (Howie Aff. at Ex. E)(*emphasis added*). Tellingly absent from Mr. Tropea's Affidavit is any attempt whatsoever to explain why Defendant would apologize, acknowledge a debt and promise to pay if it was truly a debt that Defendant never owed. Mr. Tropea's admission alone is clear evidence of Defendant's transparent and frivolous "defense."

## POINT I
### THE TERMS OF THE CONTRACT SHOULD BE ENFORCED AND SUMMARY JUDGMENT GRANTED FOR BREACH OF CONTRACT

Defendant fails to provide any legal authority that would prevent summary judgment for breach of contract being granted in Thomson Reuters' favor. Defendant's entire brief cites to a single case which simply recites the burden of proof on a motion for summary judgment – a burden which Thomson Reuters has overwhelmingly met. It is respectfully submitted that the absence of any legal argument whatsoever within Defendant's opposition papers (which it had over two months to prepare) belies the legitimacy of its "defense."

Moreover, Defendant's submission utterly fails to provide this Court with any evidence which would, even when viewed in a light most favorable to Defendant, give rise to a material issue

of fact which would preclude summary judgment in Thomson Reuters' favor. Indeed, Defendant has admitted the following material facts:

- That Thomas Enterprises, and not any third-party, entered into the subject Tax Consulting Services Agreement (the "Consulting Agreement"). See Thomson Reuters Rule 56.1 Statement at ¶ 1 and Thomas Enterprises Counter Rule 56.1 Statement at ¶ 1.

- That the Consulting Agreement's express terms provide that Thomas Enterprises, not any third-party, was responsible for the payment of invoices under the agreement. See Thomson Reuters Rule 56.1 Statement at ¶ 3 and Thomas Enterprises Counter Rule 56.1 Statement at ¶ 3.

- That Thomson Reuters performed each and every one of its obligations under the Consulting Agreement. See Thomson Reuters Rule 56.1 Statement at ¶ 4 and Thomas Enterprises Counter Rule 56.1 Statement at ¶ 4.

Moreover, rather than admit or deny certain key factual allegations made by Thomson Reuters within its moving papers, Defendant simply ignores them and repeats its frivolous mantra that various "other entities" and not Defendant are responsible for paying the invoices at issue. For example, Defendant seemingly and conveniently ignores the undeniable facts that:

- Thomson Reuters issued invoices to Thomas Enterprises for services rendered under the Consulting Agreement. See Thomson Reuters Rule 56.1 Statement at ¶ 5 and Thomas Enterprises Counter Rule 56.1 Statement at ¶ 5.

- That Thomas Enterprises accepted the invoices without any objection until the filing of this litigation. See Thomson Reuters Rule 56.1 Statement at ¶ 6 and Thomas Enterprises Counter Rule 56.1 Statement at ¶ 6.

- That Thomas Enterprises, through its affiant, Mr. Tropea, acknowledged in writing its payment obligation to Thomson Reuters under the invoices. See Thomson Reuters Rule 56.1 Statement at ¶ 7 and Thomas Enterprises Counter Rule 56.1 Statement at ¶ 7.

- That Thomas Enterprises admitted in its Answer to this litigation its debt to Thomson Reuters under the Consulting Agreement and the invoices. See Thomson Reuters Rule 56.1 Statement at ¶ 7 and Thomas Enterprises Counter Rule 56.1 Statement at ¶ 7.

Mr. Tropea, who admits to having negotiated the Consulting Agreement on the behalf of Defendant (Tropea Aff at ¶ 6), would have this Court believe that: (i) the express terms of the Consulting Agreement should be ignored and that the document was only drafted "as a matter of convenience" (Tropea Aff at ¶ 6); and (ii) that some twenty-five (25) entities, which are not even party to the Consulting Agreement (and several of which are bankrupt shells), bear the burden of paying the outstanding invoices. (Tropea Aff at ¶ 4). Of course, Defendant provides no evidence other than the self-serving affidavit of Mr. Tropea to support this "defense." It is well-settled that such self-serving and conclusory allegations fail to raise a material issue of fact sufficient to deny summary judgment. *See Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2nd Cir. 2008)("A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory."); *ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135 (2nd Cir. 2007)("…conclusory statements, conjecture, and inadmissible evidence are insufficient to defeat summary judgment.") (*citing Bridgeway Corp. v. Citibank*, 201 F.3d 134 (2nd Cir. 2000)). Summary judgment should be granted in favor of Thomson Reuters for Defendant's breach of contract.

## POINT II
## SUMMARY JUDGMENT SHOULD BE GRANTED FOR ACCOUNT STATED

Defendant also offers no explanation why, despite receiving the subject invoices which are clearly addressed to <u>Thomas Enterprises</u> and to no other party (Howie Aff. Ex. C), and despite receiving numerous demands for payment from Thomson Reuters, it was not until this litigation that Defendant chose to object to the invoices by fabricating the "defense" that it was not the entity responsible for making payment. Yet, as is set forth in Thomson Reuters' moving papers (and as ignored by Defendant), the Consulting Agreement expressly requires Defendant to pay Thomson

4

810959_3

Reuters for services rendered under the Consulting Agreement. Moreover, Defendant provides no authority to rebut the well-settled law that defenses raised in response to litigation do not qualify as timely objections in the context of cause of action for account stated. *See White Diamond Co. Ltd. v. Castco, Inc.*, 436 F. Supp. 2d 615, 623 (S.D.N.Y. 2006) (*citing Regent Partners, Inc. v. Perr Dev. Co., Inc.*, 960 F. Supp. 607 (E.D.N.Y. 1997)).

In summary, Defendant has failed to provide this Court with any evidence to support any alleged issue of material fact which would prevent an award of summary judgment in Thomson Reuters' favor for account stated.

## CONCLUSION

Wherefore, it is respectfully requested that plaintiff Thomson Reuters' motion for summary judgment be granted in its entirety.

Dated:   New York, New York
         August 6, 2010

                                            Respectfully Submitted,

                                            SATTERLEE STEPHENS BURKE & BURKE LLP

                                            By: _____
                                                James F. Rittinger ( JR-0566)
                                                Michael H. Gibson  (MG-2952)
                                            *Attorneys for Plaintiff Thomson Reuters (Property Tax Services) Inc.*
                                            230 Park Avenue, Suite 1130
                                            New York, NY  10169-0079
                                            Tel: (212) 818-9200