USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/14/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMSON REUTERS (PROPERTY TAX SERVICES) INC.,

                          **Plaintiff,**

              - against -

THOMAS ENTERPRISES, INC.,

                          **Defendant.**

REPORT AND RECOMMENDATION

10 Civ. 0990 (GBD) (RLE)

**To the HONORABLE GEORGE B. DANIELS, U.S.D.J.:**

## I. INTRODUCTION

On February 10, 2010, Plaintiff Thomson Reuters (Property Tax Services) Inc. ("Thomson Reuters") filed a Complaint against Defendant Thomas Enterprises, Inc. ("Thomas"), alleging breach of contract, account stated, *quantum meruit*, and unjust enrichment claims. Thomson Reuters seeks an award of $349,794 with interest. Pending before the Court is Thomson Reuters's motion for summary judgment against Thomas (Doc. No. 10). For the reasons which follow, I recommend that the motion be **DENIED**.

## II. BACKGROUND

In July of 2006, Thomas entered into a property tax consulting agreement with Deloitte Tax LLP ("Deloitte"), a company that later came to be owned by Thomson Reuters. (Pl.'s Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 ("56.1 Statement") ¶ 1.) The parties agreed to continue their relationship subsequent to Deloitte becoming a part of Thomson Reuters. (*Id.* ¶ 2.) According to the consulting agreement, Thomson Reuters would provide a variety of property tax consulting services for twenty-five specific properties, and would in exchange receive a certain percentage of any property tax savings secured as a result of

Thomson Reuters's work. (Compl. ¶11.) The consulting agreement identifies Thomas as the "Client" and details the parties' obligations as being solely to one another. (*Id.* Ex. A.) Nevertheless, Thomas asserts that the twenty-five properties covered by the consulting agreements were owned by separate, legally distinct companies for which Thomas acted as a managing agent. (Defendant's Response to Plaintiff's Local Rule 56.1 Submission ("56.1 Response") ¶ 3.) According to Thomas, it is customary practice for the convenience of the parties that a managing agent enter one consulting agreement for the benefit of a group of single-purpose entities ("SPEs", rather than each SPE executing a distinct contract. (*Id.*)

From the time of the contract until late in 2009, Thomson Reuters performed all the services it was bound to perform under the contract. (56.1 Statement ¶ 4.) However, in late 2007, Thomson Reuters began to receive less than full payment on the invoices it issued for services rendered under the consulting agreement. (*Id.* ¶ 5). In total, there were twelve invoices that were not paid in full or not paid at all. (*Id.*) Thomson Reuters and Thomas exchanged correspondence in the summer of 2009 regarding some portion of the unpaid invoices (Compl. Exs. D, E), and agreed on a payment plan that was memorialized in a promissory note in June 2009. (*Id.* Ex. F.) Thomas failed to execute the promissory note, and did not respond to further payment requests from Thomson Reuters. (*Id.* ¶¶ 19-22.) Thomson Reuters now seeks to recover the balance due on the unpaid invoices, plus interest. (Compl. ¶¶ 14-15.) Thomas maintains that throughout the life of the contract it was the individual SPEs, and not Thomas, who remitted their payments directly to Thomson Reuters (56.1 Response ¶ 3), and therefore the original SPEs are liable for payment. (*Id.* ¶¶ 6-7.)

## III. DISCUSSION

### A. Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment if it determines that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Under this standard, summary judgment is proper if "viewing the record in the light most favorable to the nonmoving party, the evidence offered demonstrates that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law." *Pension Benefit Guar. Corp. v. LTV Corp.*, 875 F.2d 1008, 1015 (2d Cir. 1989) (internal quotations omitted), *rev'd on other grounds*, 496 U.S. 633 (1990). In making this determination, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are factual issues to be tried." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986). An issue of fact is "genuine" if it provides a basis for "a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate where no reasonable trier of fact could find in favor of the nonmoving party, *H. L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1011 (2d Cir. 1989), thereby "dispos[ing] of meritless claims before becoming entrenched in a frivolous and costly trial." *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir. 1987).

The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. *See Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 572 (2d Cir. 1993) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). This burden may be met by demonstrating that there is a lack of evidence to support the

nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party satisfies this initial burden, the nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256. "[T]he mere existence of factual issues -- where those issues are not material to the claims before the court -- will not suffice to defeat a motion for summary judgment." *Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985). If the nonmoving party fails to respond by "affidavits or as otherwise provided in [Rule 56, and] set forth specific facts showing that there is a genuine issue for trial[,] . . . summary judgment, if appropriate, should be entered against [the adverse] party." Fed. R. Civ. P. 56(e)(2).

## B. There Remains an Issue of Material Fact Such That Thomson Reuters is Not Entitled to Summary Judgment

### 1. Thomas's Liability on the Contract

According to the terms of the consulting agreement, New York law governs any disputes arising therefrom. (Compl., Ex. A 10-11.) It is a well-established principle in New York law that an agent who enters a contract on behalf of a disclosed principal does not become a party to the contract, and can therefore incur no liability if the contract is breached. *See, e.g., Seguros Banvenez, S.A. v. S/S Oliver Drescher*, 761 F.2d 855, 860 (2d Cir. 1985). A principal is considered to be disclosed when the other party to the contract has sufficient notice that a principal-agent relationship is in existence. *See Getty Oil Co. v. Norse Mgmt. Co.*, 711 F. Supp. 175, 177 (S.D.N.Y. 1989) (Principal was disclosed when principal was listed as the owner of a ship in a charter contract); *Henderson, Hull & Co. v. McNally*, 61 N.E. 1130 (1901) (Defendant had sufficient notice of principal-agent relationship where "[d]efendant purchased materials from an agent believing him to be acting in his own behalf, but the bills therefor which were

4

received either by defendant or his servant came from plaintiff, and had written on the face, "No settlement will be allowed unless made payable to the order of [plaintiff]," [and] [d]efendant also received a letter from plaintiff, asking that a check should be sent it to apply on defendant's account.")

Thomas asserts that it acted only as an agent for the SPEs, and therefore was not a party to the contract and cannot be held liable. It offers proof that the principal-agent relationship was known to Thomson Reuters as custom and practice in the industry during the course of negotiating the consulting agreement, (Aff. of Thomas Tropea ("Tropea Aff.") ¶ 6, July 30, 2010), and that Thomson Reuters received further notice when it accepted payment for its services directly from the SPEs. (*Id.* ¶ 9). Thomson Reuters asserts that the consulting agreement is complete on its face, (*See* Compl. Ex. A,) and offers testimony that there was never any indication that any party other than Thomas was liable on the consulting agreement. (Aff. of Dave Howie ("Howie Aff.") ¶ 21, May 10, 2010.) Thus there remains a contested issue of material fact regarding Thomson Reuters's status as an agent, and summary judgment cannot be granted on this claim.

### 2. Thomson's Account Stated Claim

Thomson Reuters's second claim is based on "account stated." Under New York law, "an account stated is an account balanced and rendered, with an assent to the balance express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance." *Interman Indus. Prod., Ltd. v. R.S.M. Electron Power, Inc.*, 332 N.E.2d 859, 861 (1975) (quoting *Volkening v. DeGraaf*, 81 N.Y. 268, 270 (1880)). An account stated claim is considered to have been made out "if plaintiff shows that (1) defendants received invoices from him, and (2) defendants failed to object within a reasonable time or defendants made partial

payment on account." *Carey v. Mui-Hin Lau,* 140 F.Supp.2d 291, 298 (S.D.N.Y. 2001). Thomson Reuters provides evidence that they have met these elements, in that invoices were sent to Thomas over a three-year period and Thomas never raised an objection, and some of the invoices were paid. (56.1 Statement ¶¶ 5- 6). Additionally, as Thomson Reuters points out, it is well-established that defenses raised during litigation are not considered to be timely objections for the purpose of an account state claim. *See White Diamond Co., Ltd. v. Castco, Inc.,* 436 F. Supp. 2d 615, 623 (S.D.N.Y. 2006).

An account stated claim, however, can only be established with proof of a debtor-creditor relationship. 1 N.Y. Jur. 2d Accounts and Accounting § 11. By offering proof that it acted solely as an agent for the SPEs, Thomas challenges that it had a debtor-creditor relationship with Thomson Reuters. *See Yellon v. Sirlin,* 27 Misc.3d 129(A) (N.Y. Supp. App. Term 2010) (issue of material fact existed in account stated claim where defendant attorney had received invoices for a client from the plaintiff, but it was not clearly established that the attorney had assumed responsibility for the client's debts). As a result, summary judgment should not be granted on Thomson Reuters's account stated claim.

### 3. Thomson's *Quantum Meruit*/Unjust Enrichment Claim

Under New York law, *quantum meruit* and unjust enrichment claims may be treated as one cause of action in quasi-contract. *See Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.,* 418 F.3d 168, 175 (2d Cir. 2005). "In order to make out a claim in quantum meruit, a claimant must establish (1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Moors v. Hall,* 532 N.Y.S.2d 412, 414 (N.Y. App. Div. 1988). While Thomas does not contest that Thomson

Reuters performed the tax consulting work with the expectation of compensation, or the value of Thomson Reuters's services, (56.1 Statement, ¶¶ 3-4, 8) Thomas does offer proof that Thomson Reuters's services were rendered to and accepted by other parties. (Tropea Aff. ¶¶ 9-12.) Thus there remains a material fact issue whether Thomson Reuters can sustain a *quantum meruit* claim against Thomas. Summary Judgment on this claim should be **DENIED**.

## IV. CONCLUSION

In conclusion, I recommend that Thomson Reuters's motion be **DENIED**.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 630 and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

Dated: October 14, 2010
New York, New York

                                          **Respectfully Submitted,**

                                          **The Honorable Ronald L. Ellis**
                                          **United States Magistrate Judge**

**Copies of this Report and Recommendation were sent to:**
Counsel for Plaintiff
James Frederick Rittinger
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York , NY 10169

Counsel for Defendant
Edward Roland Gallion
Gallion & Spielvogel
75 Rockefeller Plaza, 18th Floor
New York , NY 10019