UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

THOMSON REUTERS (PROPERTY TAX SERVICES)
INC.,

                                 Plaintiff,

                    - against -

THOMAS ENTERPRISES, INC.,

                             Defendant.

-------------------------------------------------------------------- x

No. 10-CV-990 (GBD) (RLE)

## PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York 10169
(212) 818-9200

*Attorneys for Plaintiff Thomson Reuters
(Property Tax Services), Inc.*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................................... 1

FACTUAL BACKGROUND .......................................................................................................... 2

PROCEDURAL BACKGROUND ................................................................................................... 4

ARGUMENT .................................................................................................................................. 5

     I.       DEFENDANT MAY NOT RELY ON EXTRINSIC EVIDENCE TO ALTER
            THE TERMS OF AN UNAMBIGUOUS AGREEMENT. .................................... 5

     II.     DEFENDANT'S PURPORTED EVIDENCE, EVEN IF CONSIDERED, IS
            INSUFFICIENT TO DEMONSTRATE A DISPUTE OF MATERIAL FACT ..... 7

CONCLUSION ................................................................................................................................ 9

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Bennett v. James,
 --- F. Supp. 2d ----, 2010 WL 3583410 (S.D.N.Y. Sept. 16, 2010) ...........................................7

Bishop v. Best Buy Co.,
 No. 08 Civ. 842, 2010 WL 4159566 (S.D.N.Y. Oct. 13, 2010) ................................................7

CTI-Container Leasing Corp. v. Oceanic Operations Corp.,
 682 F.2d 377 (2d Cir. 1982).................................................................................................5, 6

Dun Shipping Corp. v. Amerada Hess Shipping Corp.,
 No. 01-cv-2088, 2006 WL 2291024 (S.D.N.Y. Aug. 3, 2006)................................................8

FDIC v. Giammettei,
 34 F.3d 51 (2d Cir. 1994).......................................................................................................8

Ford v. Williams,
 62 U.S. 287 (1858).................................................................................................................5

Jackson v. Goord,
 664 F. Supp. 2d 307 (S.D.N.Y. 2009)......................................................................................7

Jain v. Marsh Inc.,
 No. 08-2515, 2010 WL 743553 (S.D.N.Y. Mar. 1, 2010) ........................................................7

La Societe Nationale Pour La Recherche, La Production, Le Transport, La
 Transformation et la Commercialisation Des Hydrocarbures v. Shaheen Natural
 Resource Co., 585 F. Supp. 57 (1983)........................................................................................6

Laugh Factory Inc. v. Basciano,
 608 F. Supp. 2d 549 (S.D.N.Y. 2009).......................................................................................8

News America Marketing, Inc. v. Lepage Bakeries, Inc.,
 16 A.D.3d 146 (1st Dep't 2005) ..............................................................................................6

Raj Jewelers v. Dialuck Corp.,
 300 A.D.2d 124 (1st Dep't 2002) .........................................................................................5, 6

Siden Associates, Inc. v. ANC Holdings, Inc.,
 959 F.2d 425 (2d Cir. 1992).....................................................................................................5

Spagnola v. Chubb Corp.,
 264 F.R.D. 76 (S.D.N.Y. 2010) ...............................................................................................7

Steinbeck v. McIntosh & Otis, Inc.,
    No. 04-5497, 2009 WL 928189 (S.D.N.Y. March 31, 2009) ....................................................7

Walker v. Smith,
    257 F. Supp. 2d 691 (S.D.N.Y. 2003)..........................................................................................6

Ward v. City of New York,
    No. 08-7380, 2010 WL 3629536 (S.D.N.Y. Sept. 17, 2010)....................................................7

Weil v. Murray,
    161 F. Supp. 2d 250 (S.D.N.Y. 2001)..........................................................................................8

Yellow Book of New York v. Shelley,
    74 A.D.3d 1333 (2d Dep't 2010) .............................................................................................5, 6


**STATUTES AND RULES**

Fed. R. Civ. P. 56...........................................................................................................................7, 8


**OTHER AUTHORITIES**

Restatement (Second) of Agency § 323 ...........................................................................................5

Williston on Contracts § 35:54 .........................................................................................................5

Plaintiff Thomson Reuters (Property Tax Services) Inc. ("Thomson Reuters" or "Plaintiff"), through its attorneys, Satterlee Stephens Burke & Burke LLP, respectfully submits these objections to the Report and Recommendation of the Honorable Ronald L. Ellis recommending denial of Plaintiff's Motion for Summary Judgment against defendant Thomas Enterprises, Inc. ("Thomas Enterprises" or "Defendant").

## PRELIMINARY STATEMENT

This is a simple contract case in which the vast majority of relevant facts are not in dispute. More specifically, it is uncontested that Thomson Reuters is entitled to $349,794, plus interest, under an agreement pursuant to which Thomson Reuters aided Defendant in the filing of property tax appeals for several covered properties. The only issue disputed by Defendant is the identity of the party liable for that amount. As Thomson Reuters explained in its memoranda in support of its motion for summary judgment, the unambiguous terms of the parties' agreement make clear that Defendant is responsible for paying the fees that are indisputably owed to Thomson Reuters.

Defendant offers only one argument in response. Defendant asserts that, notwithstanding the clear terms of the relevant agreement, it executed the contract not on its own behalf but only as an agent for the various properties covered by the agreement. Defendant purports to support this argument not with any language from the contract -- indeed, Defendant's opposition cites not a single provision of the agreement -- but solely with conclusory assertions that industry custom and the parties' course of dealing indicate that Defendant executed the agreement solely as an agent. The Honorable Ronald L. Ellis has recommended denial of Plaintiff's motion based solely on the view that this extrinsic evidence raises a disputed issue of material fact as to the identity of the party liable to Thomson Reuters. As explained below, this conclusion is both unsupported and contrary to governing law.

First, it is a fundamental principle of contract interpretation that a court may not resort to extrinsic evidence if the terms of a contract are unambiguous. As explained by the Second Circuit, this principle applies with equal force where a party asserts that it signed an agreement only as an

agent. Here, the parties' contract unambiguously states that the agreement is between Thomson Reuters and Defendant, and therefore this Court may not weigh extrinsic evidence to consider whether Defendant executed the agreement only in a representative capacity.

Second, the purported evidence submitted by Defendant, even if considered by the Court, cannot carry Defendant's burden in opposing Plaintiff's motion for summary judgment. The evidence is, as an initial matter, too conclusory and unsupported to create a genuine dispute as to any material fact. Moreover, in light of the overwhelming evidence that Defendant signed the agreement on its own behalf -- including Defendant's express acknowledgment of its debt -- Defendant's indirect purported proof of its alleged agency amounts to a mere scintilla of evidence, insufficient to defeat Plaintiff's motion.

In short, because Defendant's purported evidence may not properly be considered by the Court, and because that evidence, even if considered, cannot defeat Thomson Reuters's motion, Thomson Reuters respectfully requests that the Court overrule the Report and Recommendation and grant its motion for summary judgment in its entirety.

## **FACTUAL BACKGROUND**

The factual background of this dispute is set forth at length in Plaintiff's Memorandum in Support of its Motion for Summary Judgment, which Thomson Reuters hereby incorporates. (See Mem. at 2-6.) In relevant part, this action relates to an agreement (the "Agreement") under which Thomson Reuters agreed to assist Defendant in filing property tax appeals on behalf of several specified properties.[1] The Agreement is memorialized in an Engagement Letter and several exhibits annexed thereto, which, on their face and by their clear terms, select Thomson Reuters to provide property tax services to Defendant and obligate Defendant, in return, to pay Thomson Reuters specified fees. In particular, the Engagement Letter:

---

[1] As explained in Plaintiff's opening memorandum, the Agreement was executed by Defendant and by Deloitte Tax LLP, which subsequently assigned its interest in the Agreement to Thomson Property Tax Services, Thomson Reuters's predecessor-in-interest. (See Mem. at 2-3.)

2

- states that Thomson Reuters agrees to "provide property tax consulting services <u>to Thomas Enterprises, Inc.</u>" (emphasis added);

- defines Thomas Enterprise, Inc. as the "Client";

- states that any modification of the agreement must be signed "by both Client and [Thomson Reuters]";

- states that the Engagement Letter and exhibits constitute "the entire agreement <u>between Client</u> and [Thomson Reuters]" (emphasis added); and

- is signed by a representative of Defendant under a signature line that reads, "Accepted by Client."

(<u>See</u> Agreement, Ex. A at 1-2.[2])

The exhibits to the Engagement Letter likewise make clear that the Agreement is between Thomson Reuters and Defendant and that Defendant is obligated to pay fees to Thomson Reuters in return for certain specified services. Exhibit A, for example, states that Thomson Reuters agrees to "[a]ssist Client with filing an annual appeal for the propert[ies]" covered by the Agreement, which are listed in Exhibit B. (<u>See</u> Agreement, Ex. A sec. H (emphasis added).) Exhibit D, meanwhile, states in pertinent part that "<u>Client agrees</u>" to pay a fee to Thomson Reuters representing 27.5% of any tax savings for the properties covered by the Agreement. (<u>See</u> Agreement, Ex. D sec. H.) Neither the Engagement Letter nor any of the exhibits suggest that Defendant executed the agreement solely for the properties listed in Exhibit B or that any party other than Defendant was responsible for the payment of fees under the Agreement.

In line with the explicit terms of the Agreement, Thomson Reuters has, for several years, issued invoices to Defendant. Although those invoices were typically paid in full, Defendant has recently made only partial payment on several invoices, while failing on several invoices to make any payment at all. Notwithstanding the explicit acknowledgment of the debt owed by Defendant to Thomson Reuters, and notwithstanding the Promissory Note prepared (at Defendant's request) to that effect, Defendant ultimately refused to make further payments on the outstanding invoices.

---

[2] The Agreement is attached as Exhibit A to the Affidavit of Dave Howie (Docket No. 12), filed in support of Plaintiff's Motion for Summary Judgment.

There is currently $347,794, plus interest, owing to Thomson Reuters for services performed under the Agreement. (See Mem. at 4-6.)

## **PROCEDURAL BACKGROUND**

On February 8, 2010, Thomson Reuters initiated this action against Defendant for the unpaid balance of the invoices. Thomson Reuters asserts three claims: (1) breach of contract; (2) account stated; and (3) quantum meruit. In light of Thomson Reuters's undisputed right to payment on the invoices, Thomson Reuters filed a motion for summary judgment on May 12, 2010. In opposing the motion, Defendant offered only a single piece of evidence: an affidavit from Thomas Tropea, Senior Vice President, which asserts in relevant part that the Agreement was executed by Defendant "solely in [its] capacity as the managing agent" for the properties listed in Exhibit B to the Agreement. (Tropea Aff. ¶ 7.)

As support for this assertion, Mr. Tropea relies on the fact that, pursuant to "longstanding practice," each of the properties allegedly remitted payments on the invoices directly to Thomson Reuters. (Id. ¶ 9.) He also asserts that it is "industry custom and practice" for a managing agent to execute similar agreements on behalf of covered properties. (Id. ¶ 7.) Notably, Mr. Tropea's affidavit (1) does not list a single specific payment that was allegedly remitted directly from a covered property to Thomson Reuters; (2) does not provide any description of "industry practice and custom," let alone specific instances where the unspecified customs were allegedly followed; and (3) does not contain any evidence that Defendant was ever authorized by the covered properties to enter into the Agreement on their behalf.

In recommending denial of Plaintiff's Motion for Summary Judgment, Judge Ellis concluded that the Tropea Affidavit created a disputed issue of material fact. He believed that, notwithstanding Plaintiff's argument -- uncontested by Defendant -- that the Agreement was "complete on its face," the extrinsic evidence offered by Mr. Tropea constituted "proof that [Defendant] acted solely as an agent." (Id. at 5-6.) Based solely on the allegedly conflicting evidence on Defendant's role in executing the Agreement, Judge Ellis recommended that the Court deny Plaintiff's motion.

4

## ARGUMENT

### I.   DEFENDANT MAY NOT RELY ON EXTRINSIC EVIDENCE TO ALTER THE TERMS OF AN UNAMBIGUOUS AGREEMENT.

It is a fundamental principle of contract interpretation that consideration of extrinsic evidence is inappropriate where the terms of an agreement are clear. See, e.g., Siden Associates, Inc. v. ANC Holdings, Inc., 959 F.2d 425, 428 (2d Cir. 1992). The Second Circuit has explicitly held that this rule applies where a signatory to an agreement argues that it executed the contract solely as an agent. See CTI-Container Leasing Corp. v. Oceanic Operations Corp., 682 F.2d 377, 381-82 (2d Cir. 1982). As the Second Circuit explained in CTI-Container, "if the fact of agency does not appear in an integrated contract, and agent who appears as a party thereto can not introduce extrinsic evidence to show that he is not a party." Id. at 382 (refusing to consider extrinsic evidence of agency where contract was unambiguous). Thus, unless a party establishes that the contract itself suggests that the party negotiated the agreement solely as an agent, extrinsic evidence may not be considered by a court. See, e.g., Yellow Book of N.Y. v. Shelley, 74 A.D.3d 1333 (2nd Dep't 2010) (holding that parol evidence was inadmissible to show that party signed an unambiguous agreement only in a representative capacity); Raj Jewelers v. Dialuck Corp., 300 A.D.2d 124, 126 (1st Dep't 2002) (holding that testimony relating to purported agency relationship that contradicted the clear terms of an agreement was improperly considered by the trial court); see also Ford v. Williams, 62 U.S. 287, 289 (1858) ("[T]he agent, who binds himself, will not be allowed to contradict the writing by proving that he was contracting only as agent"); Restatement (Second) of Agency § 323 ("If it appears unambiguously in an integrated contract that the agent is a party or is not a party, extrinsic evidence is not admissible to show a contrary intent"); Williston on Contracts § 35:54 (same).

Here, there is no ambiguity in the Agreement. As discussed above, the contract (1) defines Defendant as Thomson Reuters's "Client"; (2) makes clear that the Agreement is between Thomson Reuters and the "Client"; and (3) states that the Client is responsible for payment of invoices. (See supra pp. 2-3.) The Engagement Letter is signed by a representative of Defendant, and nowhere on the signature page or anywhere else in the Agreement is it suggested that the execution was

performed only on behalf of the covered properties. In fact, the Agreement explicitly says the opposite, stating that the "engagement is not intended for the express or implied benefit of any third party." (See Agreement, Ex. C sec. 18.) In short, the Agreement unambiguously makes clear that Defendant is a party to the Agreement, and there is nothing in the Engagement Letter or the annexed exhibits that even remotely suggests that the actual parties to the Agreement are the properties listed in Exhibit B. See, e.g., CTI-Container Leasing Corp., 283 F.2d at 383 (holding that contract was unambiguous where the agreement did not explicitly state the fact of the defendant's alleged agency); La Societe Nationale Pour La Recherche, La Production, Le Transport, La Transformation et la Commercialisation Des Hydrocarbures v. Shaheen Natural Resource Co., 585 F. Supp. 57, 62-63 (1983) (same); see also Walker v. Smith, 257 F. Supp. 2d 691, 696 (S.D.N.Y. 2003) (noting that the principal's name, followed by a signature line for the agent beginning with the word "by," is the "unambiguous way" to make clear "that the agent signs in a representative capacity"). Notably, nowhere does Defendant attempt to bolster its agency argument with any reference to the language of the Agreement.

Because the Agreement is integrated[3] and unambiguous, Judge Ellis erred in weighing extrinsic evidence offered by Defendant against the clear language of the Agreement. With Defendant's extrinsic evidence on agency properly excluded, Defendant has offered no basis for the denial of Plaintiff's motion. Accordingly, summary judgment should be entered in Plaintiff's favor on each of its claims. See, e.g., CTI-Container Leasing Corp., 682 F.2d at 382 (holding that summary judgment was properly granted after ruling that trial court properly refused consideration of extrinsic evidence on agency); Yellow Book of N.Y., 74 A.D.3d at 1333 (same); News America Marketing, Inc. v. Lepage Bakeries, Inc., 16 A.D.3d 146 (1st Dep't 2005) (same); Raj Jewelers, 300 A.D.2d at 126 (same).

---

[3] As noted above (see supra p. 3), the Engagement Letter states that the Agreement "constitute[s] the entire agreement between Client and [Thomson Reuters]." (See Agreement at 1.)

## II.    DEFENDANT'S PURPORTED EVIDENCE, EVEN IF CONSIDERED, IS INSUFFICIENT TO DEMONSTRATE A DISPUTE OF MATERIAL FACT.

Even if this Court were to consider the Affidavit of Mr. Tropea, summary judgment in favor of Thomson Reuters would still be appropriate. As an initial matter, the Tropea Affidavit fails to offer purported evidence with the required level of specificity. As this Court has explained, a party opposing summary judgment may not rely on its pleadings but instead must submit "hard evidence" and "specific facts" in support of its assertions. Jain v. Marsh Inc., No. 08-2515, 2010 WL 743553, at *4 (S.D.N.Y. Mar. 1, 2010) (Daniels, J.); Steinbeck v. McIntosh & Otis, Inc., No. 04-5497, 2009 WL 928189, at *4 (S.D.N.Y. March 31, 2009) (Daniels, J.); Fed. R. Civ. P. 56(e)(2). Mr. Tropea, meanwhile, has offered only a bare assertion of an unspecified policy or custom and a factual assertion regarding direct payments that lacks any detail or corroborating specificity. This is plainly insufficient to carry Defendant's burden in opposing Thomson Reuters's motion. See, e.g., Bishop v. Best Buy Co., No. 08 Civ. 842, 2010 WL 4159566, at *7 (S.D.N.Y. Oct. 13, 2010) (bare allegation of policy or custom rejected); Ward v. City of New York, No. 08-7380, 2010 WL 3629536, at *3 (S.D.N.Y. Sept. 17, 2010) (same); Bennett v. James, --- F. Supp. 2d ----, 2010 WL 3583410, at *7 (S.D.N.Y. 2010) (granting summary judgment against plaintiff because plaintiff's affidavit in opposition lacked sufficient detail); cf. Spagnola v. Chubb Corp., 264 F.R.D. 76, 90 (S.D.N.Y. 2010) (rejecting, on a motion to dismiss, plaintiff's bare allegations of an agency relationship).

To the degree that Defendant has submitted competent evidence, the evidence is de minimis and therefore insufficient to justify denial of Plaintiff's motion.[4] See, e.g., Jackson v. Goord, 664 F. Supp. 2d 307, 318 (S.D.N.Y. 2009) (granting summary judgment to plaintiff where defendant's affidavits offered "mere scintilla" of evidence) (Daniels, J.). Defendant's entire argument is that an agency relationship -- for which it has offered absolutely no direct evidence -- should have been known to Thomson Reuters, notwithstanding the unambiguous language of the Agreement, because of undefined industry practices and unspecified direct payments from the alleged principals. Against

---

[4] Notably, Defendant has not sworn via a Rule 56(f) affidavit that "it cannot present facts essential to justify its opposition." See Fed. R. Civ. P. 56(f).

this meager evidence, Thomson Reuters has offered both the unambiguous language of the Agreement and the explicit acknowledgment of Defendant's debt by Mr. Tropea himself. (See Mem. at 4; supra pp. 2-4.) The threadbare assertions in Mr. Tropea's affidavit are, quite simply, patently inadequate to prevent the entry of summary judgment, and accordingly Plaintiff's motion should be granted. See, e.g., FDIC v. Giammettei, 34 F.3d 51, 54 (2d Cir. 1994) (noting that a plaintiff may satisfy its Rule 56 burden by pointing to the absence of evidence supporting the non-moving-party's affirmative defense); Laugh Factory Inc. v. Basciano, 608 F. Supp. 2d 549, 563 (S.D.N.Y. 2009) (dismissing claim where plaintiff failed to offer any evidence that purported principal deputized or controlled the alleged agent); Dun Shipping Corp. v. Amerada Hess Shipping Corp., No. 01-cv-2088, 2006 WL 2291024, at *4 (S.D.N.Y. Aug. 3, 2006) (finding that insufficient evidence of agency existed where there was a lack of contractual language specifying an agency relationship); cf. Weil v. Murray, 161 F. Supp. 2d 250, 257-58 (S.D.N.Y. 2001) (denying summary judgment where defendant presented evidence that a purported principal deputized defendant as his agent).

## CONCLUSION

For the foregoing reasons, Thomson Reuters respectfully requests that the Court reject the

Report and Recommendation and grant Plaintiff's Motion for Summary Judgment in its entirety.

Dated:   New York, New York
         October 28, 2010

                                   Respectfully Submitted,

                                   SATTERLEE STEPHENS BURKE & BURKE LLP

                           By:_____
                                   James F. Rittinger ( JR-0566)
                                   Michael H. Gibson  (MG-2952)
                                   James I. Doty
                                   230 Park Avenue
                                   New York, NY 10169
                                   (212) 818-9200
                                   *Attorneys for Plaintiff Thomson Reuters*
                                   *(Property Tax Services) Inc.*

9