USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 0 7 DEC 2010

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THOMSON REUTERS (PROPERTY TAX SERVICES) INC.,

                    Plaintiff,

    -v-

THOMAS ENTERPRISES, INC.,

                    Defendant

MEMORANDUM DECISION AND ORDER
10 CV 00990 (GBD) (RLE)

GEORGE B. DANIELS, District Judge:

    Plaintiff Thomson Reuters (Property Tax Services) Inc. brings this suit against Defendant Thomas Enterprises to recover the balance due on unpaid invoices, plus interest. Plaintiff asserts claims for breach of contract, account stated, quantum meruit, and unjust enrichment. Defendant maintains that it served only as the managing agent for the benefit of a group of single-purpose entities throughout the life of the contract and thus is not individually liable for the unpaid invoices. Plaintiff moves pursuant to FED. R. CIV. P. 56(c) for summary judgment against Defendant. Plaintiff also seeks an award of costs associated with this action, including but not limited to reasonable attorneys' fees, and further relief as this Court deems just and proper. This Court referred the matter to Magistrate Judge Ronald L. Ellis for a Report and Recommendation ("Report"). Magistrate Judge Ellis recommended that the Defendant's motion for summary judgment be denied in its entirety.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a <u>de novo</u> determination of those portions of the Report to which objections are made. Id.; <u>see also</u> <u>Rivera v. Barnhart</u>, 432 F. Supp. 2d 271, 273 (S.D.N.Y.

2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Ellis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Plaintiff submitted a memorandum to the Court (dated October 28, 2010) indicating its objection to the Report issued by Magistrate Judge Ellis. Plaintiff argues that, pursuant to CTI-Container Leasing Corp. v. Oceanic Operations Corp., 682 F.2d 377, 382 (2d Cir. 1982), Judge Ellis erred in weighing extrinsic evidence offered by Defendant. Plaintiff contends that, with the extrinsic evidence excluded, Defendant has offered no basis for denial of its motion for summary judgment. Pl.'s Opp. at 6. Plaintiff also argues that Defendant's purported evidence, even if considered, is insufficient to demonstrate a dispute of material fact due to the lack of any "hard evidence" or "specific facts." Id. at 7.

Summary judgment is appropriate where the evidence, viewed in the light most favorable to the non-moving party, shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Vacold. L.L.C. v. Cerami, 545 F.3d 114, 121 (2d Cir. 2008). The burden of proof rests upon the moving party to show that no genuine issue of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

2

A "material" fact is one that will affect the outcome of the suit under governing law. <u>Anderson v. Liberty Lobby, Inc</u>, 477 U.S. 242, 248 (1986). For there to be a "genuine" issue of material fact, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party." <u>Id.</u> In determining whether there is a genuine issue of material fact, the court is required to resolve all ambiguities and draw all inferences in favor of the non-moving party. <u>Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.</u>, 391 F.3d 77, 83 (2d Cir. 2004).

Magistrate Judge Ellis properly denied Plaintiff's motion for summary judgment on the breach of contract claim. Defendant's status is a material issue not unambiguously determined on the face of the agreement. An agent who enters a contract on behalf of a disclosed principal does not become a party to the contract, and thus incurs no liability if the contract is breached. <u>See</u> <u>Seguros Banvenez, S.A. v. S/S Oliver Drescher</u>, 761 F.2d 855, 860 (2d Cir. 1985). Here, however, the contract is silent on the issue of agency. Plaintiff has also failed to identify any undisputed evidence demonstrating that Defendant was personally liable for the services rendered.

The parties have offered conflicting evidence on whether Defendant was a managing agent for the single-purpose entities and whether Plaintiff was on notice of an agency relationship.[1] The Affidavit of Dave Howie, the Director of Plaintiff Thomson Reuters, alleges

---

[1] It was not improper for Magistrate Judge Ellis to consider extrinsic evidence on agency. The agreement is silent on Defendant's status in relation to the single-purpose entities. Silence in this context does not allow the presumption that Defendant is not an agent, and thus is not tantamount to an unambiguous term. <u>Clalit Health Servs. v. Isr. Humanitarian Found.</u>, 2004 U.S. Dist. LEXIS 19602, at *25 (S.D.N.Y. Sept. 28, 2004) ("There is no doubt that when a contract, by its terms, is not clear or is silent on a particular issue, extrinsic evidence can and should be used."). Plaintiff has not identified language concerning agency in the contract that "has a definite and precise meaning, unattended by danger of misconception . . . and concerning which there is no reasonable basis for a difference of opinion." <u>Lucente v. IBM</u>, 310 F.3d 243, 257 (2d Cir. 2002) (quoting <u>Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan</u>, 7 F.3d 1091, 1095 (2d Cir. 1993)).

3

that: "It has always been Thomas Enterprises that compensated Thomson Reuters for services rendered." Id. ¶ 21. On the other hand, the Affidavit of Thomas Tropea, an executive with Defendant Thomas Enterprises, alleges that "each of the implicated SPEs has remitted payments *directly* to, and accepted by, the plaintiff. TEI has never made direct payments to Reuters on behalf of the above-identified SPEs." Id. ¶¶ 12-13 (emphasis in the original). Those factual allegations are conflicting and thus in dispute.

Magistrate Judge Ellis also properly denied Plaintiff's motion for summary judgment on the account stated claim. An account stated claim requires Plaintiff to prove, among other things, the existence of a debtor-creditor relationship. See Roberts & Finger v. Worldstyle, Inc., 1990 U.S. Dist. LEXIS 1475, *11-12 (S.D.N.Y. Feb. 8, 1990) ("threshold requirement that a debtor/creditor relationship already exist" for an account stated claim); see also LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 64 (2d Cir. 1999) ("[U]nder New York law, such a claim requires 'an agreement between the parties to an account based upon prior transactions between them'") (quoting Chisholm-Ryder Co. v. Sommer & Sommer, 421 N.Y.S.2d 455, 457 (N.Y. App. Div. 1979)); Reisman, Peirez & Reisman, L.L.P. v. Gazzara, 2007 NY Slip Op 50630U, at *2 (N.Y. Sup. Ct. 2007) ("The common law elements of a cause of action for an account stated are: the existence of a debtor-creditor relationship, a mutual examination of the claims of the respective parties, the striking of a balance, and an agreement, express or implied, that the party against whom the balance is struck will pay the debt."). Given that a material issue in dispute is Defendant's status as agent or obligor, Defendant's liability under the contract is not clearly established and thus summary judgment should not be granted.

Finally, Magistrate Judge Ellis properly denied Plaintiff's Motion for Summary Judgment on the quantum meruit/unjust enrichment claim. Under New York law, the elements

4

are that: "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004) (citing Clark v. Daby, 300 A.D.2d 732, 751 (2d Dep't 2002)). Whether Defendant was enriched by the services Plaintiff performed is a material issue. Defendant has produced evidence that Plaintiff's services were "rendered only for, and redounded exclusively to, the direct benefit of some 25 properties, each of which is owned by a separate, legally distinct and independent company." Tropea Affidavit ¶ 3. Furthermore, the material contractual issue in dispute regarding Defendant's status directly bears on whether it is permissible for Plaintiff to even allege this claim. See, e.g., Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co., 70 N.Y.2d 382, 388 (N.Y. 1987) ("[T]he existence of a valid and enforceable agreement 'ordinarily precludes recovery in quasi contract for events arising out of the same subject matter.'") (citation omitted).

This Court has examined Magistrate Judge Ellis's Report in light of Plaintiff's objections and finds that Plaintiff's objections are not meritorious. Accordingly, this Court adopts the Report's recommendation to deny Plaintiff's motion for summary judgment in its entirety.

## CONCLUSION

Plaintiff's motion for summary judgment is DENIED.

Dated:  New York, New York
        December 7, 2010

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge

5